```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| LUTHER WHITMORE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1170 RWS |
| ) | |
| AMERICAN DREAM LOGISTICS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On December 8, 2010, Michael Whitmore was moving his disabled vehicle to the side of the road when he was struck and killed by a tractor trailer. The tractor was leased by Penske to American Dream Logistics and driven by Gabriel Forsyte. Plaintiffs are the surviving parents and child of Whitmore and allege that Penske negligently entrusted its tractor to Forsyte, resulting in Whitmore's death. Penske moves for summary judgment on the ground that the Graves Amendment, 49 U.S.C. § 30106, precludes plaintiffs' claims as a matter of law. For the reasons that follow, the motion will be granted.

Standards Governing Summary Judgment

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed.R.Civ.P. 56(c)(2)). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of

material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Id. (internal quotation marks and citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted) .

## Discussion

Penske is in the business of leasing trucks and rented a tractor to American Dream Logistics on December 2, 2010. The one-page lease agreement states at the top: "Driver Trip Record Required. Failure to complete and return the DTR (Driver Trip Record) will result in a charge for the determined tax liability." Plaintiffs allege that, after the accident, Forsyte was cited for violating federal trip record-keeping related regulations. Plaintiffs further allege that Penske failed to enforce its policy of collecting the DTR and, had it done so, it would have discovered Forsyte's "record keeping lapses and violations of the 11 and 14 hour rules . . . which

resulted in the death of" Whitmore.  According to plaintiffs, it is "Penske's omission to enforce its own policy to collect Forsyte's Trip Records [which] exposes it to liability for negligent entrustment under Missouri law."

> The Graves Amendment, 49 U.S.C. § 30106(a), provides as follows:
>
> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

Id.  "Although the Graves Amendment prohibits vicarious liability claims against owners of leased vehicles, the Graves Amendment contains a savings clause which allows an owner of a leased vehicle to be found directly liable for the owner's negligence or criminal wrongdoing." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 456 -457 (8th Cir. 2010) (internal citation omitted).  The Eighth Circuit Court of Appeals "find[s] no statutory basis for narrowing the definition of the broad term 'negligence' [as used in the Graves Amendment] or giving it any definition other than its ordinary meaning."  Id. (internal citation omitted).

The question in this case then becomes whether Missouri courts would recognize a cause of action based on a lessor's alleged negligent failure to collect DTRs.  See id. at 458.  Plaintiffs rely on the language contained in the one-page rental agreement in support of their theory.  However, "[u]nder Missouri law, a breach of contract alone does not give rise to a tort."  Pippin v. Hill-Rom Co., Inc., 615 F.3d 886, 889 (8th Cir. 2010).  "If absent a contract the act would not

be a tort, the mere breach of an agreement will not make it one." Id. at 889-90 (internal quotation marks and citation omitted).  Here, plaintiffs have failed to point to any legal authority imposing a duty on Penske to collect and/or monitor Forsyte's DTRs.  Even the rental agreement language does not support plaintiffs' claims as it does not impose any duty on Penske to collect driver logs; at most, it requires American Dream Logistics to provide them.  Moreover, it does not require Penske to monitor these DTRs for drivers' compliance with the 11 and 14 hour rules and other federal regulations.  Instead, the stated purpose for providing the DTRs was for determination of tax liabilities.  Because plaintiffs have come forward with no legal authority imposing a duty on Penske to collect and monitor driver trip records for compliance with federal regulations, plaintiffs' negligence claim against Penske is barred by the Graves Amendment.  See Carton, 611 F.3d at 459.  Therefore, summary judgment in favor of Penske will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#61] is granted, and plaintiffs' claims against defendant Penske Truck Leasing Co., L.P. only are dismissed.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2012.