UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUTHER WHITMORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1170 RWS |
| | ) | |
| AMERICAN DREAM LOGISTICS, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendants' motion to refer this case to alternative dispute

resolution for a second time.  Defendants believe that mediation may be successful now that the

Court has dismissed Penske as a defendant in this action.  Plaintiffs oppose this request,

complaining that they did not like the settlement amount previously offered by defendants.  They

ask me not to move the trial date if this case is sent to mediation and to impose mediation costs

upon defendants if "there is no substantial movement or showing of good faith."  Yet defendants

have not sought an extension of the trial date, and the Court can only assume that they intend to

take their mediation obligations seriously since they are the ones seeking the referral.  And

certainly there are many remedies available to the Court, including imposition of mediation fees,

if either party does not mediate in good faith.  However, good faith is not measured by a

defendant's refusal to acquiesce to a plaintiff's demands, and plaintiffs are reminded that they are

obligated to mediate in good faith as well.  If the mediator (not plaintiffs) report to the Court that

any party has refused to mediate in good faith,  the Court will fashion an appropriate remedy.

However, mediation fees are not the sword of Damocles hanging over the negotiating table, and

it is not appropriate to impose them simply because plaintiffs did not get the result they wanted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to refer this case to alternative dispute resolution [#70] is granted, and **this case is re-referred to mediation, effective today, for a second round of mediation with mediator Brendan Ryan, with mediation to be completed by October 20, 2012. No second Order Referring this Case to Alternative Dispute Resolution will issue, but the mediator should still file a compliance report.**

**All other deadlines, including the trial date and the pretrial submission deadlines, remain the same.**


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 20th day of September, 2012.